**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 8, 2012

No. 10-20830

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DAVID VASSER; SHIRLEY ADGER,

Defendants-Appellants.

Appeals from the United States District Court
for the Southern District of Texas
(4:08-cr-00640-5)

Before JONES, Chief Judge, WIENER and GRAVES, Circuit Judges.

PER CURIAM:[*]

Defendants-Appellants David Vasser and Shirley Adger were among those charged in a 12-count grand jury indictment that resulted from a large and lengthy mortgage fraud operation. Adger was charged with one count of conspiring to commit mail and wire fraud and a second count of substantive wire fraud. Vasser was charged with five counts comprising conspiracy to commit mail and wire fraud, conspiracy to commit money laundering, and engaging in monetary transactions involving criminally derived property. Both Adger and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20830

Vasser were convicted by a jury on all counts, and both raise numerous claims of error on appeal.

Adger contends that the district court erred in refusing her requested jury instructions on good faith and intent, and complains of the sufficiency of the evidence to convict her. She also claims that she is harmed by a large number of omissions, as unintelligible, from the record of the trial proceedings. Vasser asserts that the trial court abused its discretion in admitting extrinsic evidence, under Rule 404(b), of similar fraudulent acts he committed shortly before the beginning of the instant conspiracy, and of plain error in giving a Rule 404(b) limiting instruction only at the conclusion of the trial. The defendants also assert that the district court erred in allowing marker tags to go to the jury on various documentary exhibits and in admitting broker files from the offices of Motown Mortgage Group into evidence.

A careful review of the record in this case and of the briefs of the parties, as well as oral argument by able counsel for both defendants, coupled with our consideration of the facts and the law as revealed thereby and as set forth in the appellate briefs of the parties, satisfies us that the evidence was sufficient to support the convictions of both defendants on all counts and that each error claimed by the defendants either did not constitute reversible error or, at most, constituted harmless error. Consequently, the convictions of both Defendants-Appellants should be, and hereby are,

AFFIRMED.